**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 03-23369-CIV-HUCK/SIMONTON**

**ADRIANA NARVAEZ,**

**Plaintiff,**

**v.**

**THE HIALEAH HOUSING AUTHORITY, et al.,**

**Defendants.**
**_____________________________________/**

**ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT THE HIALEAH HOUSING AUTHORITY'S AMENDED MOTION SEEKING REMEDY AGAINST PLAINTIFF**

**Presently pending before this Court is Judgment Creditor, the Hialeah Housing Authority's (hereafter the Housing Authority), Amended Motion Seeking Remedies Available Pursuant To Florida Statute Section 726.108 Against Judgment Creditor (sic), Adriana Narvaez (DE # 344). This motion is referred to the undersigned Magistrate Judge (DE # 338). Narvaez has filed a response in opposition (DE # 345). The Housing Authority has not replied, and the last day to timely serve a reply was January 19, 2007. For the reasons stated below, the motion is denied without prejudice.**

**I. Background**

**On September 28, 2005, this Court entered a Final Judgment for Costs (hereafter the costs judgment), in the amount of $12,000.36, plus post-judgment interest, in favor of the Housing Authority and against Narvaez (DE # 337).**

**The Housing Authority states that Narvaez has not satisfied, in whole or in part, the costs judgment. The Housing Authority further contends that after the entry of the costs judgment, in April, June and September of 2006, Narvaez fraudulently transferred three separate parcels of real property to third parties in an attempt to avoid the claims**

**of her creditors. Specifically, the Housing Authority alleges that 1) on April 26, 2006, Narvaez transferred real property that she owned at 6195 West 18th Avenue, G-211, Hialeah, Florida, by quitclaim deed, to Jorge L. Roque, Jr. & Adriana F. Narvaez (Ex. B to DE # 344); 2) on June 23, 2006, Narvaez transferred real property that she owned at 2226 N.E. 41st Avenue, Homestead, Florida, by quitclaim deed, to Jorge L. Roque, Jr. & Adriana F. Narvaez (Ex. C to DE # 344); and 3) on September 7, 2006, Narvaez transferred real property that she owned at 2023-35 N.E. 169th Street, North Miami Beach, Florida, by quitclaim deed, to George Ordenes (Ex. D to DE # 344)**

**The Housing Authority contends that it is entitled to supplementary proceedings, pursuant to Fed.R.Civ.P. 69 and Fla. Stat. § 56.29. The Housing Authority asks this Court to enter an Order granting the following remedies pursuant to Fla. Stat. § 726.108: 1) avoidance of the three real property transfers made by Narvaez, pursuant to Fla. Stat. § 726.108(1)(a); 2) attachment of the costs judgment against all three of the real property transfers, pursuant to Fla. Stat. § 726.108(1)(b); 3) an injunction against further disposition by Narvaez, or by the grantees, of the three real properties transferred by Narvaez, pursuant to Fla. Stat. § 726.108(1)(c)(1); 4) the appointment of a receiver to take charge of the three real properties or any other properties belonging to Narvaez, pursuant to Fla. Stat. § 726.108(1)(c)(2); 5) levying execution on the three real properties or their proceeds, pursuant to Fla. Stat. § 726.108(2); and 6) any other relief that the circumstances may require, pursuant to Fla. Stat. § 726.108 (1)(c)(3) (DE # 344).**

**Narvaez opposes the Housing Authority's motion, contending that the fraudulent transfer allegations: 1) improperly seek to set forth a new cause of action: 2) are unverified and unanswered; 3) have not been subjected to fact finding or legal defenses; and 3) are based upon copies of documents which are inadmissible under the Federal**

**Rules of Evidence. Narvaez also alleges that the Housing Authority does not explain under what legal theory this Court has jurisdiction over the grantees. Narvaez further notes that the Housing Authority has not cited any authority for this Court to grant the requested relief without a trial. Narvaez denies the Housing Authority's allegations that she fraudulently transferred assets to avoid judgment liability, and states that she has no assets to satisfy the costs judgment. Narvaez asks that she be awarded the costs and attorney's fees she incurred in responding to the instant motion (DE # 345).**

**II. Analysis**

**The Housing Authority has moved, pursuant to Fed.R.Civ.P. 69(a) to commence proceedings supplementary to and in aid of execution. The threshold issue here, then, is whether the Housing Authority is entitled to the commencement of proceedings supplementary, as all of the other relief which the Housing Authority requests is based upon the commencement of proceedings supplementary.**

**Rule 69(a) directs that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held." The procedures for impleading third parties in supplementary proceedings are set forth in Fla. Stat. § 56.29. *See Kobarid Holdings v. Reizen*, 2007 WL 14294 at *2 (S.D. Fla. Jan. 2, 2007), *citing General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997). Under Fla. Stat. § 56.29, the two jurisdictional prerequisites for supplementary proceedings are 1) an unsatisfied writ of execution and 2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded. No other showing is necessary to implead third parties. *See General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d at 1496 n.22. However, the Housing Authority has not alleged that there is an unsatisfied writ of execution against Narvaez,**

**and the record does not indicate that this Court has issued a writ of execution. Furthermore, the Housing Authority has not provided an affidavit, much less an affidavit which avers that the writ of execution is valid and unsatisfied, along with a list of persons to be impleaded.**

**The Housing Authority's failure to satisfy the requirements of Fla. Stat. § 56.29 is not a technicality. For example, it appears that Narvaez has retained an interest in two of the three real properties at issue, and the Housing Authority might be able to execute against this interest pursuant to a writ of execution. Therefore, the Housing Authority's motion is denied without prejudice to renew.**

**Narvaez's request for the attorney's fees and costs incurred in responding to the instant motion is denied. She has provided no authority to support such an award.**

**Therefore, it is hereby**

**ORDERED AND ADJUDGED that Judgment Creditor, the Hialeah Housing Authority's Amended Motion Seeking Remedies Available Pursuant To Florida Statute Section 726.108 Against Judgment Creditor, Adriana Narvaez (DE # 344), is DENIED without prejudice. It is further**

**ORDERED AND ADJUDGED that Narvaez's request for the attorney's fees and costs incurred in responding to this motion (DE # 345), is DENIED.**

**DONE AND ORDERED in chambers, in March 16, 2007.**

Andrea M. Simonton

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies provided to:**
**The Honorable Paul C. Huck,**
**United States District Judge**
**All counsel of record**